IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS DESHAUN DEMOUCHETTE | § | |
| | § | |
| v. | § | C.A. NO. C-06-48 |
| | § | |
| DOUGLAS DRETKE | § | |

**ORDER OF TRANSFER**

This is a habeas action filed by a state prisoner held at the Texas Department of Criminal Justice, Criminal Institutions Division's McConnell Unit, which is located in Beeville, Texas. (D.E. 1, at 1). On March 30, 2006, his petition was dismissed for failure to prosecute his claims because he had failed to submit the requisite $5.00 filing fee. (D.E. 13, 14). On April 21, 2006, he paid the $5.00 filing fee. The Court reinstated his action on August 8, 2006. (D.E. 16). Accordingly, service of process may now be issued in this case. However, in the interests of justice, transfer of this petition to a more appropriate district court for disposition of the issues is required.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Pursuant to § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the state court in which the petitioner was convicted and sentenced is located. Moreover, challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the rational for its choice of venue relates to witness availability:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses. ... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced on March 27, 2002 in the 179th Judicial District Court of Harris County, Texas, which is located in the Houston Division of the Southern District of Texas. See 28 U.S.C. § 124(b)(2). A district court for the district wherein an application for habeas corpus has been filed may in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States Court for the Southern District of Texas, Houston Division.

ORDERED this 9th day of August 2006.

　　　　　　　　　　　　　　　　　　　　*/s/ Brian L. Owsley*
　　　　　　　　　　　　　　　　　　　　BRIAN L. OWSLEY
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE